UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| E.G.W., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 26-285 |

### MEMORANDUM OPINION AND ORDER

Plaintiff E.G.W., a minor, and her parents, E.W. and K.W., bring this suit alleging that the District of Columbia failed to provide E.G.W. the public education guaranteed to her under the Individuals with Disabilities Education Improvement Act. See ECF No. 1 (Compl.), ¶ 1. Plaintiffs also move to proceed pseudonymously. See ECF No. 2 (Mot.). As they have made a sufficient showing, the Court will grant the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.    Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and

identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.   Analysis

The Court notes at the outset that E.G.W., a minor, is already entitled to proceed under her initials only.  See Fed. R. Civ. P. 5.2(a).  The Court thus will focus on the propriety of allowing E.G.W.'s parents to also proceed pseudonymously.

First, the Complaint concerns the type of "sensitive and highly personal information" this Court has long seen fit to protect through pseudonymity.  In re Sealed Case, 971 F.3d at 327 (quotation marks omitted).  The Complaint details E.G.W.'s psychological and educational history, including her specific diagnoses and academic performance.  See, e.g., Compl., ¶¶ 8–11, 13–16.  Such information is deeply sensitive and personal.  See Charles H. v. District of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The disabilities and medical histories of plaintiffs — including their status as individuals with disabilities — are

paradigmatically 'sensitive' and 'highly personal.'") (citation omitted).  Given the prevalence of sensitive information necessary for Plaintiffs to levy their allegations, the Court finds this factor weighs in favor of pseudonymity.

The second factor cuts against granting pseudonymity.  This factor considers whether plaintiffs face a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326 (citation omitted), and is strongest when plaintiffs identify particular, concrete threats.  J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023).  Plaintiffs argue that publishing their full names "could cause risk to [the student's] mental health."  Mot. at 2.  Specifically, they claim that "if the public were to learn who [the student] is and know the intimate details of [her] educational and psychological profile, it would cause embarrassment and mental harm.  It could also cause harm to [her] parents."  Id.  While the Court recognizes Plaintiffs' concerns, "generalized claims of mental hardship that are unconnected to any substantial threats of psychological damage are insufficient to support pseudonymity" for purposes of this factor.  Doe v. Rubio, 2025 WL 1676007, at *3 (D.D.C. June 13, 2025).

The third factor squarely supports pseudonymity.  That factor favors pseudonymity when the privacy interests or safety of a minor are implicated — even for adult plaintiffs whose identities might reveal those of their children.  See, e.g., Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."); J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op.) at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity; "although Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up).

Here, Plaintiffs allege that pseudonymity is necessary "because if the parents were to be identified it would be very easy to then learn the identity of their child/Student." Mot. at 2.

The fourth and fifth factors, taken together, also favor pseudonymity. Those factors consider the defendant's identity and any potential prejudice from a plaintiff's pseudonymity. In re Sealed Case, 971 F.3d at 326–27. Here, the Defendant is the District of Columbia. See Compl. at 1. This Court agrees with other courts in this district that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). The public interest in litigation against the government is further reduced where, as here, a plaintiff seeks individualized, rather than programmatic, relief. See Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant . . . the fourth factor favors pseudonymity.") (citation omitted). Plaintiffs' alleged violations of E.G.W.'s rights under IDEA — namely, her guarantee of a free and appropriate public education — are dependent on her specific educational history and interactions with the District of Columbia. See Compl., ¶ 77. Where a plaintiff "seeks to vindicate merely his individual right," pseudonymity is warranted. T.F. v. District of Columbia, No. 23-3612, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 7, 2023). Here, Plaintiffs seek to vindicate the rights of a minor (E.G.W.) and litigate solely that minor's rights against the District. See Compl., ¶ 1. Nor is the fifth factor — prejudice to defendants — at play here: the District presumably knows E.G.W.'s identity from its own administrative and educational records. See, e.g., Compl., ¶¶ 35–62 (detailing District's participation in administrative-hearing process).

Because four of the factors weigh heavily in favor of pseudonymity, and the last does not overcome them, the Court holds that proceeding pseudonymously is warranted for all Plaintiffs in this case.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

   i. A pseudonymous version of their [2] Motion and any attachments as a Notice to the Court on the public docket; and

   ii. A sealed declaration containing their real names and residential addresses.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: February 13, 2026